## THIRD DEPARTMENT, JANUARY, 1967

### (January 5, 1967)

■ In the Matter of the Claim of BRUNO R. ILIBASSI, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per Curiam.* Appeal from a decision of the Unemployment Insurance Appeal Board (1) holding claimant ineligible for benefits on the ground that he was not totally unemployed, (2) charging him with an overpayment which was ruled recoverable, and (3) imposing a forfeiture of 116 effective days in reduction of future benefit rights upon finding that he willfully made false statements to obtain benefits. The board's findings were predicated largely upon proof of certain sales contracts prepared by claimant himself, showing sales on commission during the period for which he certified total unemployment. Certainly the board was entitled to credit this evidence and to deny credence, as it expressly did, to claimant's statement that he predated all the contracts. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ NILS JERNBERG, Respondent, v. VERTIS COMPANY, INC., Appellant.— MEMORANDUM BY THE COURT. Appeal from an interlocutory judgment that defendant account to plaintiff for royalties under the contract in issue. No reason appears for resorting to inference or extrinsic proof to ascertain the supposed intent, asserted by plaintiff, of the relatively simple and unambiguous contract, prepared by plaintiff's assignor's lawyer who was, in fact, his brother. It is clear that all royalties due according to the express terms of the contract have been paid. The question of damages for a possible breach of the agreement in some other particular is not before us in this action brought for an accounting. Judgment reversed, on the law and the facts, and complaint dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ In the Matter of the Claim of JOHN MENDRINOS, Appellant. MARTIN P. CATHERWOOD, as Industrial Commisisoner, Respondent.— MEMORANDUM BY THE COURT. Appeal by claimant from a decision denying unemployment insurance benefits. The claimant, a chef, employed at a race track, had been advised on prior occasions not to carve meat in advance to which had been attributed the cause of food poisoning. At the hearing the claimant admitted that he had disobeyed the instructions which resulted in his dismissal. The board found that the credible evidence established such fact and there is substantial evidence to sustain its finding. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.